Joseph Liff, J.
The petitioner brings this proceeding pursuant to article 78 of the Civil Practice Act. He seeks to annul a determination of the Board of Fire Commissioners of North Massapequa dismissing him from service as a volunteer fireman for misconduct. The petitioner was expelled after a hearing conducted before the respondent board. Notice of the time and place of the hearing was given to the petitioner who appeared with counsel, and gave testimony in his own behalf. However, under the procedure adopted by the respondent for the conduct of the hearing, counsel for the petitioner was not permitted to cross-examine witnesses.
The by-laws of the Fire District provide for a hearing, in the first instance, before the board of directors of the district with the right of appeal to the Board of Fire Commissioners, the respondent herein. The court finds no merit in petitioner’s contention that the respondent board had divested itself of jurisdiction to try him because of their approval of these provisions. In the first place, the petitioner was actually accorded the opportunity of a hearing before the board of directors and he chose to leave the premises before the proceedings commenced. Secondly, the argument advanced by the petitioner fails to take cognizance of the powers conferred on the Fire District Commissioners (who constitute the Board of Fire Commissioners) as set forth in section 176 of the Town Law.
Subdivsion 10 of section 176 expressly empowers the board to “ organize, operate, maintain and equip fire companies *986 * * * and provide for the removal of such members for cause.” Subdivision 11 of the same section authorizes the board to adopt rules and regulations governing all fire companies and fire departments in a district, including rules for the enforcement of discipline. These provisions are complemented by section 209-1 of the General Municipal Law which empowers the authorities having control of fire departments of cities, towns, villages and fire districts to make regulations governing the removal of volunteer firemen. Said section 209-1 further provides that the removal may not be made except for incompetence or misconduct and it continues ‘ ‘ Removals on the ground of incompetence or misconduct, except for absenteeism at fires or meetings, shall be made only after a hearing upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice act. Such charges shall be in writing and may be made by any such authority. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Hearings upon such charges shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or employee of such officer, or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall for the purpose of such hearing be vested with all the powers of such officer or body, and shall make a record of such hearing which shall be referred to such officer or body for review with his recommendations.” The body having control of a fire district located in a town is the Board of Fire Commissioners (Town Law, § 176). Consequently, the respondent board possessed statutory jurisdiction of the proceeding conducted by it. The by-laws of the Fire District did not, and were not intended to pre-empt to another body the jurisdiction invested by statute in the respondent (Town Law, § 176; General Municipal Law, § 209-1). It is not clear whether the North Massapequa Fire District intended to extend to a member charged with misconduct the right to a hearing before its board of directors, in addition to a hearing or review before respondent, Board of Fire Commissioners. The hearing of charges by a deputy or employee of the respondent board is authorized where the board so provides by written designation (General Municipal Law, § 209-1). The power of ultimate review of the determination, is conferred by statute (General Municipal Law, § 209-1) on this court rather than on the Board of Fire Commissioners, and the hearing, whether conducted by the board or its designated nominee, must conform to the procedural requirements set forth in section 209-1.
*987 While the court finds that the respondent properly entertained jurisdiction of the proceeding, it cannot agree that the petitioner was afforded a hearing in the sense contemplated by section 209-1 (supra). It is clear from that section that it was intended that a volunteer member accused of misconduct should have a full and fair opportunity to be apprised of the nature of the charges and to defend himself against his accuser.
The statute places the burden of proof upon the accuser. The court cannot permit the determination of the Board of Fire Commissioners to stand, in the light of the “hearing” which was given to the petitioner. Here the petitioner was not permitted to cross-examine his accuser. The petitioner’s attorney had to resort to the device of calling the accuser as his own witness and attempting by direct examination to elicit further information. The petitioner had ample notice of the hearing and should have produced his witnesses. However, he might have been given a further opportunity to produce witnesses, although he might have sooner requested subpoenas for their attendance (Civ. Prac. Act, § 406). The petitioner was denied the opportunity to cross-examine and that alone would require that his application be granted (Matter of Merritt v. Swope, 267 App. Div. 519).
The hearing conducted by the board is very different from that held by administrative agencies which conduct their hearings for the purpose of gathering data and other information in connection with the discharge of administrative duties, or as aids to legislation, etc., etc. (See, e.g., Matter of Town of Waterford v. Water Pollution Control Bd., 5 N Y 2d 171, 183, 184.) The removal proceedings before the Fire Commissioners is quasi-judicial in character and essentially adversary in nature. The opportunity to confront and cross-examine witnesses is a fundamental part of it. Withholding that right is a denial of due process (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470; Matter of Merritt v. Swope, supra; cf. Matter of Gardner v. Ward, 199 N. Y. S. 2d 953).
As the Court of Appeals said in Matter of Hecht v. Monaghan (supra, p. 470), the hearing by an administrative tribunal acting in a quasi-judicial capacity may be more or less informal. Technical rules of evidence and procedure need not be observed. However, the court also said ‘ ‘ no essential element of a fair trial can be dispensed with unless waived.” Among other things, that means that the party whose rights are being determined must be given the opportunity to cross-examine witnesses. The court recognized that one of the traditional safeguards to truthfulness is cross-examination “through which an opponent is *988 enabled to expose intentionally false swearing and also to bring to light circumstances bearing upon inaccuracies of the witnesses in observation, recollection and narration, and to lay the foundation for impeachment of the witnesses ” (p. 474).
For this reason alone the court must remand the matter for a new hearing. While this petition renders unnecessary a review of the other objections raised by the petitioner, in order to expedite the new hearing, the court has considered them and finds that they are without substance.