In the Matter of EDWARD ACKER, Appellant, v. BOARD OF FIRE COMMISSIONERS, KINGS PARK FIRE DISTRICT, Respondent.

Second Department, April 18, 1966.

*Cordes, Purcell, Jewell & Ingrao (Kenneth J. Jewell* of counsel), for appellant.

*Meyer & Wexler (Bernard K. Meyer* of counsel), for respondent.

CHRIST, J.  Petitioner's removal as a volunteer fireman by the respondent Board of Fire Commissioners was based on findings of the board that he was guilty of gross misconduct prejudicial to the best interests of the Kings Park Fire Department and District and of specific charges which *inter alia* were: (1) although he was host to two persons in the fire house in the early hours of the morning of May 7, 1964, he failed to enter their names and his own name in the guest book, as required, and (2) he permitted his guests, who were a man and an intoxicated woman, to engage in immoral acts in the fire house.

Before this matter was brought before the board, the members of the Fire Department, at a duly constituted meeting, considered the petitioner's transgressions and by vote of 44 to 31 voted to expel him.  There is no question that this was beyond the power of the department since its by-laws, which previously had been approved by the board, limited the penalty which the department could impose to a maximum $2 fine for a first offense of unbecoming conduct and a $1 fine for a first offense of failing to register guests.  Expulsion was prescribed for second offenses, as a permissible penalty (Constitution and By-Laws, art. XI, § 4, subd. [a]; art. XVI, § 1, subd. [c]).

The petitioner appealed to the board; and, although the board reduced the penalty thus imposed by the department, from expulsion to a $1 fine, it proceeded to try the issues *de novo,* upon new but substantially the same charges.  After a full hearing, the petitioner was found guilty and removed.

The gravamen of the present appeal is that the board delegated its authority to discipline firemen to the Fire Department and that, since the department had already acted, the board was without power to make new charges and to hold a new hearing. The petitioner's contention is that the board could review on appeal only what had been done by the department and, having reduced the penalty from expulsion to a $1 fine on that appeal, the power of the board was exhausted.

This is a misconception of the effect of the board's action in approving the disciplinary provisions of the department's constitution and by-laws.

Section 209-1 of the General Municipal Law grants to a Board of Fire Commissioners the power to remove a volunteer fireman for "incompetence or misconduct," after a hearing held upon

written charges.  The board may not divest itself of this responsibility; and, as the section provides, the retained general removal power does not affect the right of members of a fire company to remove a fireman for failure to comply with the constitution and by-laws of the company.  The power of the board obtains at all times to pass upon the fitness of firemen after written charges and a hearing.  The delegation made in the by-laws to the Fire Department to impose limited discipline is the grant of a concurrent authority and does not deprive the Board of Commissioners of the responsibility which the statute squarely has placed upon it to control the conduct of those to whom the Fire District entrusts the care of its real property and its equipment and of the obligation of providing adequate fire protection.

By its enactment of section 209-1, the Legislature clearly manifested its intention that removals by the board under the statute and by the local departments pursuant to by-laws and constitution promulgated by the board are not mutually exclusive.  Moreover, the interpretation that this section authorizes the exercise of concurrent jurisdiction makes good sense.  The Kings Park Board of Fire Commissioners, for example, adopted and promulgated by-laws and a constitution pursuant to which certain itemized acts may be penalized by the department by small fines.  No hearing is provided for and the safeguards of section 209-1 are not incorporated therein.  It would be unwise and unreasonable to hold that this delegation of detailed powers totally divested the board of its legislatively-conferred general power to remove for " incompetence or misconduct."

*Matter of Busking* v. *Kronimus* (41 Misc 2d 985, affd. 22 A D 2d 888) is apposite.  There, this court affirmed the annulment of a voluntary fireman's dismissal and the remand of the matter to the Board of Fire Commissioners for a new hearing.  The sole ground of the decisions of the Special Term and this court was that the petitioner had not been accorded the right to cross-examine witnesses at his hearing before the board.  The pertinent language from the Special Term opinion concerning the concurrent jurisdiction of the Board of Fire Commissioners and another body to whom it delegated certain authority is as follows (pp. 985–986):  " The by-laws of the Fire District provide for a hearing, in the first instance, before the board of directors of the district with the right of appeal to the Board of Fire Commissioners, the respondent herein.  The court finds no merit in petitioner's contention that the respondent board had divested itself of jurisdiction to try him because of their approval of these provisions.  In the first place, the petitioner was actually

accorded the opportunity of a hearing before the board of directors and he chose to leave the premises before the proceedings commenced. Secondly, the argument advanced by the petitioner fails to take cognizance of the powers conferred on the Fire District Commissioners (who constitute the Board of Fire Commissioners) as set forth in section 176 of the Town Law. * * * Consequently, the respondent board possessed statutory jurisdiction of the proceeding conducted by it. *The by-laws of the Fire District did not, and were not intended to pre-empt to another body the jurisdiction invested by statute in the respondent* (Town Law, § 176; General Municipal Law, § 209-1) " (emphasis added).

Accordingly, we should affirm the judgment at Special Term, without costs.

UGHETTA, Acting P. J., HILL, RABIN and BENJAMIN, JJ., concur.

Judgment affirmed, without costs.