## Stanley MACKATUNAS

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

Civ. A. No. 68–1438.

United States District Court
E. D. Pennsylvania.

June 4, 1969.

Joseph A. Zane, Schuylkill Haven, Pa., for plaintiff.

Merna B. Marshall, Asst U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This suit was filed by plaintiff under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final determination of the Secretary of Health, Education and Welfare denying his claim for disability insurance benefits. The issue of plaintiff's disability was not reached, his claim being denied on the ground that he lacked sufficient quarters of covered employment to meet the Act's eligibility requirements. The matter is before the court on cross motions for summary judgment on the record made before the Secretary.

Plaintiff filed his application for disability insurance benefits in 1966, alleging that he had become disabled on December 6, 1965. To be eligible for such benefits plaintiff had to establish that he had the requisite earnings in covered employment for at least 20 quarters of the 40-quarter (10-year) period ending in or after the quarter in which he became disabled, §§ 223 and 216(i).[1] Plaintiff established 10 quarters of covered employment in various jobs. He claimed 10 additional quarters of covered employment arising from a job of selling lottery tickets for two Veterans' Posts from 1958 to 1963. It is the latter claimed employment coverage which was rejected by the Secretary.

In support of his original application, plaintiff presented evidence that he was given tickets to sell by each Post twice a week; was told where to go to sell them; was paid 10% commission; chose his own hours for selling; and did not file income tax returns because he did not earn more than $600 a year. One of the Veterans' Posts responded to the Secretary's questionnaire that plaintiff was "free to go anywhere and contact anybody he wanted to"; that he was furnished with sheets of tickets; he was paid $2.00 a week for travel expenses because he used his own car; he was assigned a territory but was not directed by the Post or required by it to follow any routine or schedule; and he was not an employee of the Post. At that stage the record contained no comment from the other Post.

On the foregoing, the Social Security Administration ruled that plaintiff was self-employed during the period he was engaged in selling lottery tickets, that he had failed to establish the existence of the requisite employer-employee relationship with the Veterans' Posts. On reconsideration that finding was affirmed. Plaintiff then requested a hearing. The hearing examiner ruled that plaintiff was an employee of the two Posts. The examiner's decision was based, in large measure, on the fact that officers of the two Posts had submitted letters through plaintiff to the effect that they considered him to be an employee. Both officers stated in identical language that "[D]ue to an inadvertance and a misconception of the law, he was not listed as an employee and therefore no social security taxes were deducted from his wages."

The hearing examiner's decision was reviewed by the Appeals Council, acting on its own motion. The Appeals Council reversed, based largely on new statements taken from the same two officers of the Veterans' Posts. Those statements went into greater detail indicating that plaintiff sold lottery tickets wherever and to whomever he chose, without direction or control from the Posts. In these statements the officers of the Posts offered no opinion as to whether plaintiff was self-employed or was an employee. The Appeals Council had before it evidence that one of the Posts had never reported plaintiff's commissions for social security purposes and the other had stopped reporting commissions after he had been selling for them for one and one-half years.

---

1. 42 U.S.C. § 423.
   42 U.S.C. § 416(i).

■ The Secretary's findings, if supported by substantial evidence, are binding. Social Security Act, § 205(g), 42 U.S.C. § 405(g). Hodgson v. Celebrezze, 312 F.2d 260 (3d Cir. 1963); Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D. Pa.1959). Although, in seeking reversal of the Secretary's decision, plaintiff contends that the decision is not supported by substantial evidence, his point really is that the Secretary's decision was based upon statements taken by the Appeals Council from officers of the Veterans' Posts without notice to him. Plaintiff argues that he was thus deprived of the opportunity to cross-examine the officers and was thereby denied procedural due process. Apart from the procedural point there is no doubt whatever, from a review of the record as a whole, that there is substantial evidence to support the Secretary's finding.

■ The requirements of due process are not as strict before an administrative agency as they are in a court of law. Administrative agencies are not restricted by *rigid rules of evidence.* Federal Trade Comm. v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1947); Marmon v. Railroad Retirement Board, 218 F.2d 716 (3d Cir. 1955). Use of statements not subjected to cross-examination is permissible before such bodies and does not constitute a denial of due process. See Cohen v. Perales, 412 F.2d 44 (5th Cir.), May 20, 1969; Ingram v. Gardner, 295 F. Supp. 380 (N.D.Miss.1969). In this case the Appeals Council twice invited plaintiff's attorney to examine the statements prior to rendering its decision on May 31, 1968. The Council first wrote on February 10, 1968 informing the attorney that new material was available for his inspection during the succeeding ten days. Again on April 8, 1968 the attorney was advised by letter of the Council's intention to introduce new material into the record. He was invited to "make any comments and present any additional evidence or statements on the issues in this case within 14 days from the date of this letter." The attorney's

only reply was to object to the additional evidence because of lack of opportunity to cross-examine the persons at the time they gave the statements. Neither plaintiff nor his attorney made any further move in the matter prior to the rendering of the Appeals Council's decision.

The procedure employed by the Appeals Council did not in fact deprive plaintiff of the opportunity to cross-examine the witnesses. The Social Security Administration has promulgated regulations governing procedures before it. Included among those regulations is one providing for the subpoenaing of witnesses at the request of a claimant. See 20 C.F.R. § 404.926. That procedure was available to plaintiff had he desired to cross-examine the officers as to their statements.

Under all the circumstances here present, the use of the statements by the Appeals Council did not deny procedural due process to plaintiff. Since the Secretary's decision is supported by substantial competent evidence, his motion for judgment will be granted.