294 So.2d 686 (1974)
Robert JONES, Appellant,
v.
CITY OF HIALEAH et al., Appellees.
Louis CAPAFORTE, Appellant,
v.
CITY OF HIALEAH et al., Appellees.
Pasquale GALLOTTA, Appellant,
v.
CITY OF HIALEAH et al., Appellees.
Nos. 73-797 through 73-799.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Rehearing Denied June 7, 1974.
George D. Gold, Miami, for appellants.
Philip Carlton, Jr., and Rex Ryland, Jr., Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal from an order of the circuit court denying appellants' petitions for writs of certiorari to review the findings of the Personnel Board of the City of Hialeah.
Following a hearing, the Board had found each of the appellants, officers on the city's police force, guilty of violations previously set forth in the officers' letters of dismissal.
The Board affirmed the dismissal of appellants, Gallotta and Capaforte. The dismissal of appellant, Sergeant Robert Jones *687 was found to be excessive, and it was ordered that Jones be reduced to a patrolman first class and suspended without pay for 120 days.
In their brief filed with the circuit court, appellants raised six points in support of granting a writ of certiorari. In addition, the extensive record and exhibits from the Personnel Board were considered by the able circuit judge, acting in an appellate capacity.
Our review, therefore, is limited in scope. Our inquiry is directed to the question whether or not the circuit court applied the applicable principles of law, and not whether error was committed before the Personnel Board. Morris v. City of Hialeah, Fla.App. 1962, 140 So.2d 615; Woods v. Goldstein, Fla.App. 1965, 174 So.2d 465; Katz v. State Board of Medical Examiners, Fla.App. 1967, 201 So.2d 805.
Appellants have raised two points in their brief filed in this court, which were likewise contained in their briefs filed in circuit court. The first point challenges the admissibility of hearsay evidence before the Personnel Board, over objection of appellants' counsel.
We have reviewed the record in this case, and have concluded that the alleged hearsay admitted at the Board proceeding was not prejudicial error. Generally, adjudicatory proceedings before administrative boards are not required to adhere to strict rules pertaining to the exclusion of evidence required in trials in a court of law. Forman v. State Board of Accountancy, Fla.App. 1971, 243 So.2d 4; McFall v. Florida State Board of Dental Examination, Fla.App. 1965, 173 So.2d 458; Fla. Stat. § 120.27, F.S.A.
Appellants contend that the most damaging hearsay testimony introduced at their hearing was a tape recording and written transcript of the tape of a statement by one Leo Vela, formerly an identification technician in the Hialeah Police Department, who admitted involvement in the incident which gave rise to appellants' dismissal and who himself resigned from the police department.
However, the record indicates that counsel for the appellant was afforded the opportunity to question Vela, and counsel also recorded a statement from him which could have been offered into evidence at the hearing.
We feel constrained in this case, however, to add a cautionary word. At the Personnel Board hearing, the City Attorney, Mr. Miles, advising the board expressed the view that hearsay in such proceedings is "strictly admissible." Counsel for the City, Mr. Carlton, also stated on numerous occasions that hearsay evidence was permissible.
Appellants vigorously contend this created a "hearsay free-for-all" at the hearing. While we do not agree that in fact such was the case, we do think that a danger may have been established for the admission of unfair and prejudicial hearsay evidence in future cases.
We do not agree with the conclusion that hearsay is strictly admissible in a quasi-judicial administrative hearing called to determine whether or not an individual is entitled to keep his job. We would point out that Florida Legislature saw fit to enact Fla. Stat. Ch. 174, F.S.A., entitled "Civil Service for Police and Firemen in Cities and Towns of One Hundred Twenty-Five Thousand Population, or Less."
This law provides that it is only applicable to a city which by a referendum has adopted it. Hialeah has not adopted Ch. 174, and it is not strictly applicable to this case. Nevertheless, Section 174.12 specifically provides that at civil service hearings for a policeman or fireman who has been discharged: "The admission of the evidence shall be governed by the rules applied by the court in civil cases."
This proviso stands as a clear indication of what the Florida Legislature thought *688 should be required at hearings such as the one afforded the appellants.
In addition, we also have taken cognizance of § 2-47 of the Metropolitan Code of Dade County, governing civil service hearings. It states: "Such hearing shall be conducted insofar as is practicable in accordance with the rules of civil procedure governing the procedure in circuit court ..."
There is by no means unanimity concerning the admissibility of hearsay evidence at administrative hearings in our sister jurisdictions. Some federal decisions to which we have been referred permit hearsay evidence at administrative hearings. Gilmore v. United States, 131 F. Supp. 581 (N.D.Cal. 1955); Brown v. Macy, 340 F.2d 115 (5th Cir.1965); Mackatunas v. Finch, 301 F. Supp. 1289 (E.D.Pa. 1969); Jacobowitz v. United States, 424 F.2d 555, 191 Ct.Cl. 444 (1970).
On the other hand, hearsay at civil service hearings has been held to be inadmissible. Fantozzi v. Board of Fire and Police Commissioners, 1962, 35 Ill. App.2d 248, 182 N.E.2d 577; Johnstone v. Daly City, 1958, 156 Cal. App.2d 506, 319 P.2d 756; see also, McQuillen, Municipal Corporations, Vol. 4, § 12.260(f); Busking v. Kronimus, 41 Misc.2d 985, 247 N.Y.S.2d 149 (Sup.Ct. 1963), aff'd 22 App.Div.2d 888, 255 N.Y.S.2d 312.
In some other jurisdictions the rule pertaining to hearsay at administrative hearings applies just as it does in court, albeit liberal exceptions to the hearsay rule apply to the former. Lewis v. Southmore Savings Association, 480 S.W.2d 180 (Tex. 1972). In still others, hearsay is allowed at contested administrative proceedings, subject to the basic rule of fairness to the parties participating in the hearing. Montgomery County v. National Capital Realty Corp., 297 A.2d 675 (Ct.Apps.Md. 1972).
In sum, we think the problem of whether or not hearsay should be permitted at a particular administrative hearing boils down to a question of fundamental fairness. And, while in our state technical rules of evidence clearly do not apply in the same sense before administrative tribunals as they do in courts, we do not think the hearsay rule ought to be totally discarded, particularly in cases where individuals are threatened with serious deprivations, such as the loss of a job.
Appellants have also raised a second point, contesting the overbreadth, ambiguity and vagueness of the charges lodged against them which resulted in their dismissal.
Appellants Capaforte and Gallotta were notified by letter that they were being dismissed basically for conduct unbecoming a police officer resulting from alleged sexual misconduct with a woman while on duty on or about January 12th or 13th, 1972. Appellant Jones was charged with certain "actions, conduct, and behavior arising out of his knowledge of the involvement, conduct and intimate relationship by police officers of the City of Hialeah ..." Jones was further charged with knowledge of certain obscene photographs of the woman involved in this incident which were developed at the police station and failure to report it.
In our view, the conduct described in the letter of dismissal to appellants sufficiently informed each man of the charges against him and the rules and regulations he was accused of violating. Appellants have not shown that they were handicapped in defending against the charges. See Morris v. City of Hialeah, supra.
Nor do we think the provisions of civil service and police rules and regulations with which appellants were accused of violating are so amorphous that men of common intelligence must guess at their meaning. See Bell v. State, Fla., 289 So.2d 388, opinion filed December 20, 1973; Kenneth v. Barber, Fla. 1947, 159 Fla. 81, 31 So.2d 44.
*689 Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.