MELVIN, Judge.
Appellant was employed by the City of Tallahassee as a fireman. After a period of years of acceptable service, he was dismissed because of his involvement in the attempt to smuggle ashore 20 to 25,000 pounds of marijuana into the State of Georgia from boats that apparently had brought the contraband in from the ocean.
Upon the charge placed against him, defendant had a hearing before the grievance committee, and that committee concluded that the appellant had been guilty of “conduct below the standard which can reasonably be expected for the position held”, contrary to the provisions of the manual of conduct applicable to the employment which the appellant held. The appellant urges that the charge of which he was found to be guilty is so vague and indefinite that it has no legal meaning and, therefore, the same is unconstitutionally vague.
We note that in the order of the trial court denying petition for writ of certiorari, the court made reference to previous communications from the City to the employee, and also reference to information available to the employee Richter by reason of litigation between the plaintiff Luther Richter and the City of Tallahassee. The trial court took judicial notice of its own records of litigation involving the same parties, which was presently pending before the court and concluded that, from the entirety of the information available to Luther Richter, it could not be said that the notice given to Luther Richter concerning the scheduled hearing for April 1,1976, was so inadequate as to adversely affect his preparation for such hearing.
In denying the petition for writ of certio-rari, the trial court further held that the grievance committee had before it competent substantial evidence to support its findings that the appellant was knowingly and willfully involved in the criminal activity of importing a large quantity of illegal drugs into this country. The record sustains the finding of the trial court that the manner in which the hearing before the grievance committee was conducted complied with the essential requirements of law. The trial court also correctly held that as applied to the case of Luther Richter, Section Q, No. 4, Item J of the Personnel Policies and Procedures Manual of the City of Tallahassee (the item upon which the proceedings of the City of Tallahassee against Luther Richter was based) was not void because of vagueness. The ruling is amply supported by Herzbrun v. Milwaukee County, 504 F.2d 1189 (7th Cir. 1974). In Herzbrun, a county welfare worker had been suspended for sabotaging the telephone system in her office. Removal proceedings against her were bottomed upon the civil service rule that provided:
“ ‘k. [I]s guilty of acts or omissions unbecoming an incumbent of the particular office or position held, which render his suspension, demotion, or discharge necessary or desirable for the economical or efficient conduct of the business of the county or for the best interest of the county government.’ ” (at p. 1192)
In rejecting the challenge that the civil service rule was unconstitutionally vague, the court observed that the employee’s actions were:
. . conduct which any reasonable person must know would be cause for discipline or dismissal from employment whether described in a rule or not. . . ” (at p. 1193)
and concluded that the dismissed employee did not have a standing to challenge the rule for vagueness “. . . in ordinary due process terms”.
In Aiello v. City of Wilmington, Del., 426 F.Supp. 1272 (D.Del. 1976), the court considered the challenged suspension of a fireman. The fireman had been suspended after being arrested on the charge of burgla *207 ry. The fireman was suspended under a rule that read as follows:
“ ‘169. Under penalty of suspension, fine, overtime, reprimand, or dismissal, every member of the Bureau of Fire is ordered to perform all of the following Rules and Regulations:
* * * * * *
16. To refrain from conduct unbecoming a fireman and a gentleman whether on or off duty.
* * * * * *
23. Be governed by the customary rules of good behavior observed by law-abiding and self-respecting citizens. Regardless of the time or place, whether in uniform or not, members shall conduct themselves in a manner that will not bring discredit to themselves or to the Department.’ ” (at p. 1276)
The court observed that while the regulations complained of might be imprecise, the fireman’s conduct fell:
“. . . [W]ithin the narrow category of acts so egregious that, despite any protestations to the contrary, he could have had no doubt that they were proscribed. . . . ” (at p. 1293)
In Allen v. City of Greensboro, North Carolina, 452 F.2d 489 (4th Cir. 1971), a police officer was demoted upon a showing of his admission that he had made improper advances to a female in the course of an investigation. He challenged the regulation under which he was demoted. The regulation prohibited conduct “ ‘unbecoming an officer and a gentleman’ ”. This regulation was challenged as being so vague as to provide no guidelines to police officers in ascertaining a proper standard of conduct. In rejecting this contention, the Fourth Circuit held: “. . . Without any regulation whatsoever plaintiff’s conduct here could have been properly subjected to departmental disciplinary action.” (Emphasis supplied) (at p. 491)
In Kennett v. Barber, 159 Fla. 81, 31 So.2d 44 (1947), the Supreme Court of Florida considered a challenge to public employer-employee regulations with reference to “conduct unbecoming” or “conduct below the standards of a public employee” clauses in public employment cases. The court, speaking through Mr. Justice Terrell, held at p. 47:
“ ‘Conduct unbecoming an employee’ is not susceptible of a definition that would serve the purpose every time a court is confronted with the charge. There must be some stability to the rule by which it is determined. At the same time it must be fluid enough to accommodate itself to the social aspirations of those who impose it. Perhaps the most delicate task of the juristic craftsman is that of reshaping old rules of law to constant changes in social structure. . . . ”
In Jones v. City of Hialeah, 294 So.2d 686 (Fla. 3d DCA 1974), the court there dealt with the dismissal of a police officer for “conduct unbecoming” a pqlice officer resulting from alleged sexual misconduct with a woman while on duty on or about a stated date. In dismissing the contention that the regulation upon which the officer’s dismissal was based was vague and indefinite, the court stated:
“Nor do we think the provisions of civil service and police rules and regulations with which appellants were accused of violating are so amorphous that men of common intelligence must guess at their meaning. . . . ” (at p. 688)
See also Metropolitan Dade County v. Mingo, 339 So.2d 302 (Fla. 3d DCA 1976).
Appellant cites authority for his position in the opinion of the Supreme Court in D’Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977). In D’Alemberte, the Supreme Court found a statute to be unconstitutional that prohibited public employees from accepting . . any gift, favor, or service, of value to the recipient, that would cause a reasonably prudent person to be influenced in the discharge of official duties'.” The court ruled that the language of the statute did not convey a sufficient definition or warning of what was prohibited and, likewise, there was no common usage for the language applied. The court concluded that the statute did not measure *208 conduct but instead attempted to gauge one’s mental processes.
We agree with the able trial judge in his conclusion that under the facts in the case Item J of the Personnel Policies complained of is not void because of vagueness or uncertainty as to meaning.
Any fireman with intelligence enough to recognize the presence of smoke rising from the roof of a building as indicating that the building was ignited would know that if he was found to be involved in the smuggling of marijuana into the United States, he would be subject to dismissal for conduct unbecoming one in his official position.
The order of the trial court denying Petition for Writ of Certiorari is AFFIRMED.
SMITH, Acting C. J., and ERVIN, J., concur.