414 So.2d 293 (1982)
CITY of ST. PETERSBURG, Florida, a Municipal Corporation, Alan N. Harvey, City Manager, Mack Vines, Chief of Police, St. Petersburg Police Department, Appellants,
v.
PINELLAS COUNTY POLICE BENEVOLENT ASSOCIATION, a Labor Organization, and Milton G. Young and Michael Lee Henderson, On Behalf of Themselves and All Others Similarly Situated, Appellees.
No. 81-1696.
District Court of Appeal of Florida, Second District.
May 26, 1982.
*294 Peter D. Hooper, Asst. City Atty., St. Petersburg, for appellants.
Donald D. Slesnick, II, Miami, for appellees.
SCHEB, Chief Judge.
The City of St. Petersburg challenges the trial court's judgment that a municipal disciplinary rule is unconstitutional because of its vagueness and overbreadth.
Appellee Milton G. Young, a police officer employed by appellant City, was charged with violating City Regulations, Chapter 16, entitled Code of Conduct and Disciplinary Measures, Rule 9. This rule prohibited "... improper conduct ... either on or off the job, which would tend to affect the employee's relationship to his job, his fellow workers, his reputation, or good will in the community." After being suspended for five days for violating the rule, Officer Young invoked the provisions of a Collective Bargaining Agreement between the City and the Police Benevolent Association (PBA) and filed a grievance against the City. Pursuant to the agreement an arbitrator held a hearing to determine whether there was just cause for Young's suspension.
Evidence adduced at the hearing indicated that while off duty Young became intoxicated, drove his car through a citizen's chain-link fence, and left the scene of the accident. The arbitrator found that "the department had a reasonable basis for concluding that [Young's] conduct offended Rule 9 standards which are reasonable standards." In response to Young's argument that the regulation was unconstitutional, the arbitrator observed that he was not empowered to rule on its constitutionality.
Subsequently, the PBA, Young, and another officer, on behalf of the police department employees, filed suit against the City, its manager, and the chief of police. They alleged that rule 9 was unconstitutionally vague and overbroad. They sought to have the court order the City to repeal the rule and compensate Officer Young for the losses he sustained as a result of its application. The trial court agreed with appellees that Officer Young had a property interest in his continued employment and found that there were no material facts at issue. The court granted appellees' motion for summary judgment and held that the rule failed to comport with the due process requirements of the Fourteenth Amendment to the United States Constitution. The court further ordered the City to rescind the regulation and to compensate Officer Young for the losses he sustained due to its application. This appeal ensued.
At the outset we note that appellees agree that the arbitrator correctly found that his conduct violated rule 9. They emphasize, however, that the arbitrator did not decide whether the rule was constitutional. Since the trial court focused solely on the constitutionality of the rule, we likewise limit the scope of our review to this issue.
We agree with appellees that a penal statute or ordinance which proscribes conduct must define with particularity the conduct which would constitute a violation. Grayned v. Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); D'Alemberte v. Anderson, 349 So.2d 164 (Fla. 1977). Here, of course, we are dealing with a noncriminal municipal regulation and, as appellant points out, the test for vagueness is more lenient where an administrative rule, rather than a penal statute, is being examined. The United States Supreme Court recognized this in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), where the court refused to find that the phrase "for such cause as will promote the efficiency of the services" was vague or overbroad. The quoted phrase authorized removal or suspension of an employee without pay, and the court reasoned that the word "cause" was a sufficient check on the government's authority.
In determining whether an administrative personnel rule is unconstitutionally vague or overbroad, Florida courts generally consider two factors. Such rules have been upheld where persons of common intelligence *295 are not required to guess at their meaning and where the employee subject to discipline was properly apprised that his conduct was proscribed by the rule.
In Jones v. City of Hialeah, 294 So.2d 686 (Fla.3d DCA 1974), the court determined that police officers could be disciplined for violating a regulation which prohibited "conduct unbecoming a police officer." There, an officer was dismissed for allegedly engaging in sexual misconduct while on duty. The court found that "conduct unbecoming" was not so amorphous that men of common intelligence must guess at the meaning.
In Richter v. City of Tallahassee, 361 So.2d 205 (Fla. 1st DCA 1978), the court held that a provision in the City's Personnel Policies and Procedures Manual which referred to "conduct below the standard which can reasonably be expected for the position held" was not void for vagueness. There, a city fireman attempted to smuggle marijuana. The court concluded that the fireman would be apprised by virtue of the nature of his actions that his conduct was unbecoming one in his position.
As a police officer, Young was charged with enforcing the law and exercising discretion in dealing with the multiplicity of challenges which confront law enforcement officers in our society. We think the language of rule 9 was sufficient to give him notice that his actions would violate that rule. A disciplinary rule such as the one in this case must be flexible, as the employer will surely be confronted with misconduct not specifically proscribed. We recognize that there may be instances where the application of rule 9, depending upon the nature of the charges, could be subject to constitutional challenge. However, in the context in which the court examined rule 9, it meets the tests for constitutionality enumerated in the Florida cases. Rules of this type serve a legitimate function in the administrative setting. Therefore, we find it to be a valid personnel rule, and appellees' challenge based upon vagueness and overbreadth must fail.
Accordingly, we vacate the summary judgment for appellees and direct the trial court to enter judgment for appellants.
HOBSON and GRIMES, JJ., concur.