Anthony V. Barbiero, Esq. Fire District Attorney, Elmont
You have asked whether the members of a volunteer fire company may expel a volunteer member of that company without the concurrent action of the board of fire commissioners of the fire district.
Depending on the circumstances, jurisdiction to remove a volunteer member may rest exclusively in the commissioners, exclusively in the members of the company or concurrently in the commissioners and the members of the company. The fire companies within a fire district constitute the fire department of that district. Fire district commissioners, as the governing body of the fire district, are authorized to regulate the removal of volunteer officers and members of the fire department (General Municipal Law, § 209-1). These officers and members may only be removed for incompetence or misconduct (ibid.). Removals, except for absenteeism at fires or meetings, may be made only after a hearing upon due notice and upon stated charges (ibid.). The charges are to be in writing, and the notice of hearing and a copy of the charges are to be personally served upon the accused person at least 10 and not more than 30 days before the hearing (ibid.).
The burden of proving incompetency or misconduct is upon the commissioners (ibid.). The commissioners may suspend the accused person after charges are filed pending their disposition, and after the hearing may provide for removal or suspension for up to one year (ibid.). (We note that the fire commissioners under section 176[11] of the Town Law are authorized to adopt rules and regulations governing all fire companies and fire departments in the district, prescribing the duties of their members and to enforce discipline.) This authority of removal is not, however, exclusive. Section 209-1 also states that
 "The provisions of this section shall not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company."
Thus, section 209-1 reserves the right of members of a fire company to remove a volunteer officer or member of the company for failure to comply with the constitution and by-laws of the company.
In our opinion, the discipline of a volunteer member could be strictly a fire company concern subject to the by-laws and constitution of the company, a department-wide concern subject solely to the jurisdiction of the fire district commissioners, or a matter giving rise to concurrent disciplinary jurisdiction of the members of the company and the commissioners of the fire district. For example, matters such as attendance at company meetings dealing strictly with internal company matters, the handling of recreational funds of a fire company, procedures for the election of company officers and other matters that are strictly internal affairs of the fire company are usually regulated by the constitution or by-laws of the company. Other matters such as attendance at parades, training sessions, department meetings, conduct while on duty and at fires are department-wide concerns subject to regulation and enforcement by the commissioners of the fire district.
In our view, there are matters that invoke disciplinary powers of the fire district commissioners and the members of a fire company (cf. Matterof Acker v Board of Fire Commissioners, 25 A.D.2d 282 [2d Dept, 1966]). In Acker, the misconduct of a volunteer member constituted a violation of the constitution and by-laws of the company and also was of deprtment-wide concern invoking the jurisdiction of the commissioners to remove a member for cause.
Section 209-1 of the General Municipal Law preserves the authority of the members of a fire company to remove a member for failure to comply with the constitution or by-laws of the company. As to matters in the second category which are of department-wide concern, the fire district commissioners may remove or suspend a member of the department for cause.
Second, you ask what procedures must be employed to effectuate a dismissal. Removal by the commissioners under section 209-1 has been described as quasi-judicial in character requiring strict compliance with the statutory provisions providing for due process (Matter of Busking vKronimus, 41 Misc.2d 985 [Sup Ct, Nassau Co, 1963], affd 22 A.D.2d 888
[2d Dept, 1964]). The procedure for removal of a member by a company would be defined by the constitution and by-laws of that company. In the case of an incorporated fire company see sections 601(e), 706(a), (b) and section 714(a) of the Not-For-Profit Corporation Law.
Finally, you ask what status a volunteer member would have upon being removed by the volunteer members of a fire company. Since the fire department of a fire district consists of the fire companies therein (Town Law, § 176[10], [20]), the removal of a member by a fire company effectively removes that member from the fire department.
We conclude that a volunteer member of a fire company may be removed in accordance with the constitution and by-laws of the company.