OPINION OF THE COURT
Carl J. Mugglin, J.
The issue to be resolved in this CPLR article 78 proceeding in the nature of prohibition is whether exclusive jurisdiction for the suspension and removal of village volunteer firemen is vested in the council of the village fire department or whether such power is to be exercised by such council coextensively with the Village Board of Trustees. For the reasons which follow, the court is of the opinion, based on the statutory scheme contained in article 10 of the Village Law, that such exclusive jurisdiction rests with the council.
The petitioner has been a member of the Village of Stamford Fire Department since 1974, holding at various times *536 rank of lieutenant, captain, assistant chief on two occasions and fire chief. On June 8, 1987 petitioner, then assistant chief, while working with eight other firemen in the transfer of equipment from the old firehouse to the new, damaged and destroyed departmental property and subsequently was charged with the criminal violation of trespass under section 140.05 of the Penal Law. On September 2, 1987 the petitioner was notified by the fire department secretary that at the fire department council meeting held on September 1, 1987, he was suspended, effective September 1, 1987, for a period not to exceed 180 days or "until the situation regarding charges in connection with the vandalism of the old firehouse have been resolved.” Subsequently, charges pending in Stamford Village Court were adjourned in contemplation of dismissal expiring January 15, 1988. On January 25, 1988 the petitioner requested reinstatement as a member of the department with his former rank of assistant chief. He was subsequently informed on February 9, 1988 that on suspension he lost all rights and privileges and therefore was no longer assistant chief. It should be noted at this juncture that the petitioner acquiesced in the suspension and at no time sought review of the sanctions imposed.
On February 24, 1988 notice of charges against petitioner were filed by the Village Board seeking his removal from membership or suspension from the department for one year. The charges were those of vandalism involving the malicious destruction of village property and neglect of duty in that petitioner, as assistant fire chief, failed to exercise proper control of the other firemen under his command at the time the damage was committed.
In this application the petitioner in his papers pleads double jeopardy but on argument, written and oral, apparently has abandoned that ground and instead maintains that the village lacks jurisdiction to prosecute him on the stated charges. On the other hand, the village claims that it may proceed de novo and has jurisdiction to do so.
The parties agree that the Village of Stamford has no separate Board of Fire Commissioners. In that case, the Village Board of Trustees has the powers and performs the duties of the Board of Fire Commissioners with respect to those matters set forth in section 10-1006 of the Village Law, generally dealing with the appointment of volunteer firemen and the restriction of membership. Otherwise, the duties of a separate Board of Fire Commissioners devolves upon the *537 council of the fire department consisting of the chief, the assistant and the wardens of the several companies. (Village Law § 10-1014.) Subject to the approval of the Board of Trustees, the council may, among other things, adopt rules for the admission, suspension, removal and discipline of the members, officers and employees of the fire department (Village Law § 10-1000 [5]) and enforce discipline (Village Law § 10-1000 [6]). By virtue of section 10-1018, the departmental chief is president of the council and as such may suspend or discharge members for "neglect of duty” subject to two-thirds council member approval. Bylaws of the Stamford Fire Department which were in effect at the time of the alleged misconduct of petitioner were promulgated January 19, 1987 and approved by the Village Board in March 1987.
Although a fireman may not be removed without a hearing (General Municipal Law § 209-1), that issue is not before the court since the petitioner does not claim to be aggrieved by the action of the council in suspending him. Under section 209-Z of the General Municipal Law referred to, suspension and removal is generally vested in "authorities having control” of the fire department. In this situation involving suspension or removal for misconduct, the "authorities” would appear to be the council of the fire department. Reading the several sections of article 10 of the Village Law together support this conclusion. Matter of Acker v Board of Fire Commrs. (25 AD2d 282) upon which respondent relies is not to the contrary.
In that case the members of the department had expelled a member pursuant to its bylaws. Subsequently the Board of Fire Commissioners of the fire district proceeded to try the issues de novo upon substantially the same charges and removed the petitioner. The court held that under section 209-Z, removals pursuant to statute and by the local department pursuant to bylaws were not mutually exclusive. That situation is distinguishable from this case in that here the petitioner has not been suspended by the members of his department but rather by the legally constituted council.
Respondents further argue that the action by the council acting as fire commissioners is subject to the approval of the Board of Trustees under section 10-1000 of the Village Law. The word "approval” connotes confirmation, ratification, assent, sanction or consent. (Black’s Law Dictionary 94 [5th ed 1979].) To say that approval, as used in the statutory context, would afford the Village Board authority to bring separate *538 charges against the firemen on the same issues and others (neglect of duty and misconduct) after sanctions have been imposed by the council, would extend the Board of Trustees authority beyond the legislative intent. In any event, under the facts of this case, it seems strange that the Board of Trustees, if it wished to voice its disapproval of the council’s action, would have waited almost seven months before taking further action.
It is the opinion of the court that the Village Board of Trustees lacked jurisdiction to exercise quasi-judicial action in prosecuting charges against the petitioner and therefore, prohibition is an available remedy. (See, Matter of Dondi v Jones, 40 NY2d 8; Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597.) Consequently, upon the expiration of his period of suspension, petitioner was entitled to reinstatement as a member of the Stamford Fire Department.