■ In the Matter of JOHN RAPACKI, Petitioner, v BOARD OF FIRE COMMISSIONERS OF THE UNIONDALE FIRE DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Fire Commissioners of the Uniondale Fire District, dated May 16, 1978, which dismissed petitioner from the membership rolls of the Uniondale Fire Department. Petition granted, determination annulled, on the law, with costs, and respondents are directed to restore petitioner to membership, forthwith, without prejudice to any further proceedings against him pursuant to the constitution and by-laws of the Uniondale Fire Department. The constitution and by-laws of the Uniondale Fire Department mandate, as the internal procedure for the suspension or removal of a fireman, a disciplinary hearing before the members of the fire council, which is subject to review by the board of fire commissioners (see art 5, § 2; art 25, § 1). In this case, petitioner was denied a hearing before the fire council, a group essentially composed of his peers, although the hearing was scheduled and petitioner appeared. When petitioner insisted that his attorney be permitted to represent him during the proceedings, the council refused to continue. The respondents' failure to afford petitioner his right to counsel in this quasi-judicial proceeding was clearly error. (See *Matter of Busking v Kronimus,* 41 Misc 2d 985, affd 22 AD2d 888; see, also, *Hunt v Board of Fire Comrs. of Massapequa Fire Dist.,* 68 Misc 2d 261 [volunteer firemen are public employees entitled to the protection of due process of law].) We are not unmindful that in *Matter of Acker v Board of Fire Comrs., Kings Park Fire Dist.* (25 AD2d 282), this court held that the board of commissioners may pass upon the fitness of firemen in a *de novo* disciplinary proceeding regardless of any delegation of disciplinary authority to a "lower" body of fact finders. We note that section 209-*l* of the General Municipal Law, which lies at the core of the *Acker* decision, is inapplicable by its own terms because the proceeding against this petitioner was based on absenteeism at fires or meetings. Petitioner's right to a hearing here arises solely from the constitution and by-laws of the fire department. Furthermore *Acker* does not support the proposition that a fireman in the Uniondale Fire Department may be arbitrarily denied access to one of the two disciplinary reviewing bodies provided by respondents' internal procedures. Petitioner's lawful insistence on his right to counsel is not a voluntary forfeiture of his right to a preliminary hearing before his peers. We hold that respondents' determination to abrogate its self-promulgated two-tier system of discipline in the singular case of petitioner was fatally deficient insofar as it sought to deny him a hearing before the fire council premised solely on his desire to exercise his due process right to representation at this quasi-judicial proceeding. This conclusion in no way advocates petitioner's right to a due process hearing before the council in the first instance, but merely presents the proposition that a voluntary fireman entitled to a hearing before the council pursuant to the constitution and by-laws of the department may not be denied that hearing solely because he opts for legal representation in the first instance. Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.