■ In the Matter of NEIL FERRARA, Petitioner, v MAGEE VOLUNTEER FIRE DEPARTMENT, INC., Respondent. [594 NYS2d 506] —Determination unanimously annulled on the law with costs and petition granted. Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge a determination of the Board of Directors of the Magee Volunteer Fire Department. After a hearing, the Board found that petitioner had violated the by-laws of the Department, and suspended him

for 270 days. The proceeding was transferred to this Court pursuant to CPLR 7804 (g).

We reject petitioner's argument that the procedure utilized violated General Municipal Law § 209-*l*. Petitioner was charged with a violation of the by-laws of the Department; therefore, General Municipal Law § 209-*l* does not apply. That section, by its own terms, does not "affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company". Nor do we agree with petitioner's argument that General Municipal Law § 209-*l* requires a vote of the Department membership to remove a member for violating the by-laws. The by-laws of the Magee Volunteer Fire Department provide that the power to remove a member rests with the Board of Directors. The fact that the members of the Department, through their by-laws, have chosen to give that authority to the Board of Directors does not contravene General Municipal Law § 209-*l*.

We conclude, however, that petitioner's due process rights were violated because two members of the Board of Directors, who were the fact-finders, testified against petitioner at the hearing. "It is beyond dispute that an impartial decision maker is a core guarantee of due process", and that that guarantee applies to administrative hearings *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158, 161). Due process is violated in an administrative adjudication where "an administrative official has taken a public position about specific facts at issue in a pending adjudicatory proceeding" *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., supra,* at 165). The President of the Board of Directors and another Board member gave damaging testimony against petitioner at the hearing, then both, along with two other Board members, signed the determination against petitioner. Under those circumstances, we conclude that petitioner was denied his right to "an impartial decision maker" *(Matter of 1616 Second Ave. Rest. v New York State Liq. Auth, supra,* at 161). (Article 78 Proceeding Transferred by Order of Supreme Court, Seneca County, Falvey, J.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.