■ In the Matter of JAMES M. ARMSTRONG, Appellant, v CENTERVILLE FIRE COMPANY, Respondent. [599 NYS2d 939] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 9, 1992 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's application as time barred.

Petitioner, a volunteer member of respondent, received a letter from respondent's president in January 1991 requesting him to submit a written resignation from his position as secretary. Petitioner was informed in this same letter that his failure to comply with this request by a specific date could result in his expulsion from respondent. When petitioner refused to submit a written resignation in accordance with respondent's bylaws, petitioner was notified by letter dated March 21, 1991 that a majority of respondent's members voted to expel petitioner as a member of respondent, effective March 28, 1991. Petitioner commenced this CPLR article 78 proceeding by petition dated September 6, 1991 seeking his reinstatement as a member of respondent. Supreme Court dismissed petitioner's application on the ground that the proceeding was commenced beyond the four-month Statute of Limitations (see, CPLR 217).

General Municipal Law § 209-l provides that the "authorities having control of fire departments" may not remove a volunteer officer or member of a fire company "except for incompetence or misconduct" (General Municipal Law § 209-l). The statute specifically requires that removal on either of these grounds can only be accomplished "after a hearing upon

due notice" (General Municipal Law § 209-*l*). After specifying further due process requirements, the last sentence of the statute states, "The provisions of this section shall not affect the right of *members* of any fire company to remove a volunteer officer or voluntary member * * * for failure to comply with the constitution and by-laws of such company" (General Municipal Law § 209-*l* [emphasis supplied]). The parties' disagreement centers around the interpretation of the last sentence of the statute and, more specifically, whether a hearing is required by law even when removal is for noncompliance with the constitution and bylaws. The answer to this question will determine the type of proceeding and, concomitantly, the Statute of Limitations issue (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C217:1, at 674).

If, as petitioner contends, he was wrongfully removed from respondent in that he was not provided with a hearing to which he was entitled, then this proceeding is in the nature of mandamus to compel and the Statute of Limitations begins to run from the date a demand for reinstatement was refused *(see, Matter of De Milio v Borghard,* 55 NY2d 216, 220; McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C217:1, at 675). In such a case, this proceeding was timely commenced as respondent refused petitioner's demand for reinstatement at a meeting on May 23, 1991. Respondent argues that the statute does not mandate a hearing when removal is for noncompliance with respondent's constitution and bylaws. Consequently, petitioner's remedy is by way of mandamus to review and the statutory four-month period begins to run from the date petitioner was notified of his discharge or, if later, the effective date of the discharge *(see, Matter of De Milio v Borghard, supra,* at 220). As the effective date of petitioner's discharge was March 28, 1991, respondent contends that the proceeding is clearly untimely.

The first part of the statute speaks to the jurisdiction of the authorities of the fire departments to remove a member for misconduct or incompetence; such removal is quasi-judicial in character and involves a more serious, department-wide problem (1985 Atty Gen [Inf Opns] 83). Accordingly, the statute affords specific due process requirements, such as a hearing. The last sentence of the statute, on the other hand, gives the members of a fire company the authority to remove other members for violations of the company's constitution and bylaws; as such removals involve the company's own internal affairs, they are governed by the company's constitution and

bylaws rather than the procedural requirements listed in General Municipal Law § 209-*l* *(see,* 1985 Atty Gen [Inf Opns] 83). Because there is no claim that respondent's constitution and/or bylaws require a hearing in the circumstances herein, petitioner's proceeding was in the nature of mandamus to review and, as such, was untimely *(see, Matter of De Milio v Borghard, supra,* at 220). To the extent that *Matter of Bruckner v Carle Place Hook, Ladder & Hose Co. No. 1* (56 AD2d 929) holds to the contrary, we decline to follow it.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.