OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner, a volunteer member of respondent Centerville Fire Company, received a letter from respondent’s president in January 1991, directing him, in accordance with respondent’s bylaws, to put his resignation as secretary of respondent in writing, no later than February 1, 1991. When petitioner failed to do so, a majority of respondent’s members voted to expel him as a member of respondent, effective March 28, 1991, and he was so notified by letter of March 21, 1991. Petitioner unsuccessfully demanded his reinstatement at a meeting of respondent’s board of directors held May 23, *939 1991. He commenced this CPLR article 78 proceeding seeking reinstatement on September 6, 1991.
Supreme Court dismissed the petition on the ground that the proceeding was time barred, and the Appellate Division affirmed (195 AD2d 723). We agree. Petitioner’s expulsion from respondent’s membership became final and binding March 28, 1991. The Statute of Limitations began to run on that date, unless petitioner was entitled to a hearing before being expelled (Matter of De Milio v Borghard, 55 NY2d 216, 220).
Petitioner was not statutorily entitled to a hearing before being expelled for having violated respondent’s bylaws. The controlling statute (General Municipal Law § 209-l) only grants volunteer officers and volunteer members of fire departments the right to a hearing (upon written notice of charges) before being removed on the ground of incompetence or misconduct. The Legislature did not intend thereby to interfere with the disciplining of volunteer firefighters in connection with the conduct of the internal affairs of a fire company. Thus, General Municipal Law § 209-Z expressly provides that the right to a hearing and other statutory procedural protections "shall not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company”.
Moreover, the determination of whether petitioner’s recalcitrance in submitting a written resignation violated respondent’s bylaws justifying the sanction imposed clearly involves the exercise of more than a nondiscretionary ministerial duty. Therefore, petitioner’s sole remedy was in the nature of mandamus to review rather than mandamus to compel (see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757). The four-month period of limitations governing mandamus to review starts to run when the determination becomes final and binding (Matter of De Milio v Borghard, supra, at 220). In this case, that occurred on March 28, 1991, the effective date of petitioner’s expulsion. Commencement of this proceeding the following September was therefore untimely. Since the lower courts correctly resolved this controversy, an affirmance is warranted.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, with costs, in a memorandum.