■ JAMES LEAHY, Respondent, v WILLIAM JORDAN et al., Appellants. [615 NYS2d 706] —In an action, *inter alia,* for a judgment declaring that the removal of the plaintiff from his position as an exempt volunteer firefighter by the defendants violated the plaintiff's due process right to a hearing, the defendants appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated October 14, 1992, which denied their motion to dismiss the complaint.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

The Board of Fire Commissioners of the Centereach Fire District (hereinafter the Board) removed the plaintiff from his position as an exempt volunteer firefighter for excessive absenteeism, without providing him with notice and a hearing. The Board based its action upon General Municipal Law § 209-*l,* which provides that a hearing is required only for removal of a volunteer on the ground of incompetence or misconduct, and that no hearing is necessary for a discharge based upon absenteeism. The Board's interpretation is consistent with a determination of the Court of Appeals, which recently held that an expelled volunteer firefighter was not entitled to a hearing where the removal was for a comparable violation of its own internal by-laws: "The controlling statute (General Municipal Law § 209-*l)* only grants volunteer officers and

volunteer members of fire departments the right to a hearing (upon written notice of charges) before being removed on the ground of incompetence or misconduct. The Legislature did not intend thereby to interfere with the disciplining of volunteer firefighters in connection with the conduct of the internal affairs of a fire company. Thus, General Municipal Law § 209-*l* expressly provides that the right to a hearing and other statutory procedural protections 'shall not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company' " *(Matter of Armstrong v Centerville Fire Co.,* 83 NY2d 937, 939; *see also, Matter of Rapacki v Board of Fire Commrs.,* 75 AD2d 817; *Iannucci v Summa,* 8 AD2d 841). Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.