■ In the Matter of THOMAS MANCUSO, Appellant, v TERENCE M. ZALESKI et al., Respondents. [615 NYS2d 757] —In a proceeding pursuant to CPLR article 78 to review the determinations of the Mayor of the City of Yonkers on January 29, 1992, and May 15, 1992, respectfully, abolishing the positions held by the petitioner causing his displacement to another position, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 25, 1993, which dismissed the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

The petitioner was removed from his position as Deputy Commissioner of Public Works of the City of Yonkers on January 29, 1992, when that position was abolished by the respondent Mayor because of financial exigencies. He was reassigned to the position of Manager of Street Cleaning, but was removed from that position on May 15, 1992, when the position was abolished because of continuing financial exigencies facing the City of Yonkers. In November 1992 the petitioner instituted the instant proceeding. The Supreme Court held that the proceeding was time-barred under the applicable four-month Statute of Limitations period. We affirm.

The Mayor's determinations became final and binding when the petitioner's prior positions were abolished *(see, Matter of De Milio v Borghard,* 55 NY2d 216; *Armstrong v Centerville Fire Co.,* 195 AD2d 723, 724, *affd* 83 NY2d 937; *Pinto v Town of Greenburgh,* 170 AD2d 685; *Sutherland v Village of Suffern,* 139 AD2d 728). Therefore, the instant proceeding, commenced in November 1992, was untimely and properly dismissed as time-barred *(see,* CPLR 217; *Matter of De Milio v Borghard, supra,* at 216). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.