■ In the Matter of WILLIAM MALLOY, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [617 NYS2d 36] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Health and Hospitals Corporation abolishing the position of Assistant Physicist, dated October 2, 1991, the appeal is from a judgment of the Supreme Court, Queens County (Leviss, J.), dated January 29, 1993, which dismissed the proceeding as barred by the Statute of Limitations.

Ordered that the judgment is affirmed, with costs.

In this proceeding the petitioner is seeking to be reassigned to the Queens Hospital Center with back pay based upon allegations that he was wrongfully discharged. He claims he was discharged under the guise that his position was being abolished. Given that the respondent's decision to abolish the petitioner's position "due to budgetary restrictions" and to terminate his employment became final and binding in October 1991 *(see, Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72), this proceeding, which was commenced in August 1992, is barred by the four-month Statute of Limitations *(see,* CPLR 217; *see also, Matter of Lubin v Board of Educ.,* 60 NY2d 974, *cert denied* 469 US 823; *Matter of De Milio v Borghard,* 55 NY2d 216, 220).

The petitioner's reliance upon *Matter of Curtis v Board of Educ.* (107 AD2d 445), is misplaced. There, the petitioner's position as automotive mechanic crew leader was abolished at a time during which disciplinary proceedings were pending against him. He subsequently learned that the respondent

planned to recreate the position of automotive mechanic crew leader as soon as the preferred list on which he was named had expired. His demand to be rehired was denied, and he commenced a proceeding pursuant to CPLR article 78 within four months of that denial. Under those circumstances, the Appellate Division, Fourth Department, held that the proceeding was timely commenced. Here, in contrast, the petitioner never made an unsuccessful demand to be rehired after his discharge and was, in fact, rehired when the position which he previously held became available at another hospital. Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.