*617 OPINION OF THE COURT
Alfred J. Weiner, J.
Petitioners seek to annul and set aside the order of respondent Nyack Fire Department suspending petitioner Empire Hook & Ladder Company No. 1 from service for a period of 30 days. Petitioners allege that the suspension was arbitrary and capricious. Respondent opposes the application.
In December 1996, petitioner requested the Village of Upper Nyack to purchase a vehicle to be utilized for the transportation of members of Empire Hook & Ladder to fires as well as certain nonfire details. The request was approved by the village and the vehicle was purchased.
Respondent subsequently advised petitioner that the individual member of petitioner fire company who made the request to the village was in violation of the respondent’s rules and regulations since he appeared before the Village Board without obtaining permission from respondent’s Chief. Thereafter, in June 1997, petitioner was advised by respondent that the respondent’s Board of Fire Commissioners should receive an apology from petitioner concerning the purchase of the vehicle within 10 days or the matter would be reopened and appropriate action would be taken. No apology was received by respondent.
On August 6, 1997, respondent advised petitioner that it was suspended from service for 30 days for violating the Nyack Fire Department’s rules and regulations (§ 3, art 1), also known as the “Communications Rule” and that the suspension did not include fires, emergencies or funeral detail.
Petitioner contends that the suspension is arbitrary and capricious since it is in violation of General Municipal Law § 209-Z since it was never presented with written charges specifying the rule or regulation which it allegedly violated and the nature of the penalty which respondent was authorized to impose. Furthermore, a notice of hearing was never served and a hearing was never held. Additionally, respondent’s Chief is unauthorized to suspend petitioner or any of its volunteer members from the Nyack Fire Department.
Respondent contends the Board of Fire Commissioners of the Nyack Fire Department, which consists of one representative from each company, including petitioner, has the responsibility to investigate misconduct and to determine all controversies referred to them that may arise in the Department between its officers and members. It also has the duty to discipline such *618 members for just cause shown and to impose penalties on companies and members for neglect of duty or disobedience of orders. Respondent further contends that petitioner violated its “Communications Rule” which resulted in the suspension and that petitioner admitted the violation.
General Municipal Law § 209-Z authorizes fire departments to make regulations governing removal of volunteer officers and volunteer members of such departments and member companies. However, it only grants the right to a hearing upon written notice of charges before being removed on the ground of incompetence or misconduct. (Matter of Armstrong v Center-ville Fire Co., 83 NY2d 937.) The Legislature did not intend to interfere with the discipline in connection with the conduct of the internal affairs of a fire department. (Matter of Armstrong v Centerville Fire Co., supra.) Furthermore, no hearing is necessary for any discipline imposed by a fire department for a violation of its constitution and bylaws. (Leahy v Jordan, 207 AD2d 385.)
The discipline imposed by respondent is arbitrary and capricious if it was so disproportionate to the offense committed as to be shocking to one’s sense of fairness. (Matter of Linfield v Nyquist, 48 NY2d 1005; Matter of Jones v Hudacs, 221 AD2d 531.)
Petitioner fire company is a member of respondent Nyack Fire Department. The constitution and bylaws of respondent authorize respondent’s Board of Fire Commissioners to investigate and discipline members for violation of its rules and regulations. Section 3, article 1 of respondent’s rules and regulations, known as the “Communications Rule”, states that an individual or company is prevented from communicating or asking to go before any village body for any type of equipment or any other reason without obtaining permission from the Chief of the Nyack Fire Department.
The court finds that since petitioner was charged with a violation of the rules and regulations of respondent and respondent had the authority pursuant to its constitution and bylaws to investigate and discipline its members, including petitioner, General Municipal Law § 209-Z does not apply and a hearing is unnecessary.
The court further finds that the discipline imposed by respondent was not so disproportionate to the offense committed *619 as to shock one’s sense of fairness. Accordingly, respondent’s actions were not arbitrary and capricious. Therefore, the petition is dismissed.