■ DANA WILSON, Appellant, v MADISON-ONEIDA BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [701 NYS2d 180] —Cardona, P. J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered January 5, 1999 in Madison County, which, upon reconsideration, granted defendants' motions for summary judgment dismissing the complaint.

In February 1996, plaintiff was appointed to the civil service position of temporary clerk of the works to perform construction oversight services with regard to certain projects for Cazenovia Central School District and defendant Stockbridge Valley Central School District. The position was officially created on March 14, 1996 by resolution of defendant Madison-Oneida Board of Cooperative Educational Services (hereinafter BOCES), whose function was to carry out a program of shared educational resources for the benefit of participating school districts. The initial employment notice advised plaintiff that the appointment was from February 9, 1996 until June 30, 1996 at an annual salary of $40,000, which would be prorated accordingly. A second employment notice advised plaintiff that the appointment was from July 1, 1996 until June 30, 1997, also at an annual salary of $40,000.

Plaintiff began working at Cazenovia and continued until approximately October 1996 when the project was nearing completion. Thereafter, he began working at Stockbridge until that project was shut down due to poor weather conditions. As a result, Stockbridge requested a reduction in its BOCES contract for clerk of the works services. BOCES abolished the position effective January 17, 1997 and plaintiff was laid off.

In January 1998, plaintiff commenced this action against defendants alleging the existence of an employment agreement between defendants and him and, further, that defendants breached the agreement by terminating him without just cause. Following joinder of issue, all parties moved for summary judgment. Supreme Court denied the motions. Thereafter, defendants moved for reconsideration and, as a result, Supreme Court dismissed the complaint finding, *inter alia*, that the action was barred by the four-month Statute of Limitations. Plaintiff appeals.

We affirm. Initially, we find no error in Supreme Court's grant of that portion of defendants' motions requesting reargument inasmuch as it was premised upon the theory that the court misapplied the law in its original decision (*see generally, Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783; *Foley v Roche*, 68 AD2d 558, 567-568). Notably, the proper remedy for challenging a determination of a public body which abolishes a position of public employment is the commencement of a CPLR article 78 proceeding (*see, e.g., Matter of Sainato v Western Suffolk BOCES*, 242 AD2d 301; *Matter of Rose v City of Newburgh*, 239 AD2d 587; *Matter of James v Broadnax*, 182 AD2d 887), not a plenary action. The four-month Statute of Limitations contained in CPLR 217 is applicable to proceedings contesting such determinations and runs from the date abolition of the position becomes final and binding (*see, Matter of Malloy v New York City Health & Hosps. Corp.*, 208 AD2d 542, *lv denied* 84 NY2d 812; *Matter of Mancuso v Zaleski*, 207 AD2d 450).

Plaintiff attempts to characterize this matter as a breach of contract claim which should be adjudicated in a plenary action. Here, there is insufficient evidence to demonstrate a formal employment agreement between plaintiff and defendants. The employment notices relied upon by plaintiff do not establish the existence of such an agreement. Therefore, his grievance lies with the abolition of the position of temporary clerk of the works, a matter that may be properly challenged only via a CPLR article 78 proceeding.

Furthermore, the position was officially abolished effective January 17, 1997 at a meeting of BOCES held on February 13, 1997. Thus, whether the four-month Statute of Limitations is measured from the date of the BOCES meeting or the date of abolition, plaintiff's commencement of the action in January 1998 is clearly untimely even if it were to be converted to a CPLR article 78 proceeding. Accordingly, Supreme Court properly dismissed the complaint. We have considered plaintiff's remaining claims and find them either without merit or unnecessary to address in view of our disposition.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.