■ In the Matter of Thomas DiCicco, Appellant, v Wyandanch Volunteer Fire Department, Inc., et al., Respondents. [726 NYS2d 696] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Executive Board of Directors of the Wyandanch Volunteer Fire Department, Inc., dated April 7, 1999, which dismissed the appellant from membership in the Wyandanch Volunteer Fire Department, Inc., the appeal is from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated June 30, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The appellant was dismissed from membership in the Wyandanch Volunteer Fire Department, Inc. (hereinafter the WVF), based on his failure to submit to a drug test within 24 hours of his notification pursuant to the WVF's random drug-testing policy instituted the previous year. Contrary to the appellant's contention, he was provided with adequate notice of the charge against him and an opportunity for a hearing in accordance with the WVF bylaws (*see, Leahy v Jordan,* 207 AD2d 385; *Ferrara v Magee Volunteer Fire Dept.,* 191 AD2d 967; *Rapacki v Board of Fire Commrs.,* 75 AD2d 817). The penalty of dismissal is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of*

*Educ.,* 34 NY2d 222; *see also, Matter of Caruso v Ward,* 72 NY2d 432). We note that the appellant was given the opportunity to reapply for membership in the future.

The appellant's remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.