■ In the Matter of RAYMOND PAWLOWSKI et al., Petitioners, v BIG TREE VOLUNTEER FIREMEN'S COMPANY, INC., Respondent. [784 NYS2d 785]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John A. Michalek, J.], entered June 27, 2003) to review a determination of respondent's Board of Inquiry. The determination found that petitioners violated respondent's fuel use policy.

It is hereby ordered that the order insofar as it concerns the determinations with respect to the charges of violating respondent's fuel use policy be and the same hereby is unanimously vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings on that part of the petition and the determination insofar as it concerns the charge of lying is annulled on the law without costs, the petition is granted in part and the matter is remitted to respondent for a hearing.

Memorandum: Petitioners, former members of respondent, Big Tree Volunteer Firemen's Company, Inc. (Fire Company), were expelled following determinations that they violated the Fire Company's fuel use policy and that petitioner Raymond Pawlowski was guilty of lying to the Fire Company's Board of

Inquiry. Following their expulsions, they commenced this CPLR article 78 proceeding seeking to annul those determinations. Petitioners allege that they were denied due process and that the Fire Company's determinations are not supported by substantial evidence. After denying the Fire Company's motion to dismiss, Supreme Court transferred the proceeding to this Court.

Pursuant to General Municipal Law § 209-*l* (2), (3), volunteer firefighters cannot be removed from office or membership for incompetence or misconduct, except for absenteeism at fires or meetings, unless they are afforded a hearing. Where, however, charges brought against volunteer firefighters concern a violation of the bylaws or constitution of the fire company, the firefighters are not entitled to a hearing (*see Matter of Armstrong v Centerville Fire Co.*, 83 NY2d 937, 939 [1994]; *Matter of Ferrara v Magee Volunteer Fire Dept.*, 191 AD2d 967, 968 [1993]). Under those circumstances, where the determination is not made " 'as a result of a hearing held . . . pursuant to direction by law,' " Supreme Court errs in transferring the proceeding to this Court and the standard of review is whether the determination is arbitrary and capricious or constitutes an abuse of discretion (*Matter of Brown v Camillus Volunteer Fire Dept.*, 288 AD2d 932, 932 [2001], quoting CPLR 7803 [4]; *see Armstrong*, 83 NY2d at 939).

Here, both petitioners were charged with violating a provision of the Fire Company's bylaws with respect to fuel use. Therefore neither was entitled to a hearing on those charges, and that part of the petition seeking to annul the determinations finding petitioners guilty of those charges was improperly transferred to this Court (*see Brown*, 288 AD2d at 932). Although we have the authority to address the merits of that part of the petition in the interest of judicial economy (*see id.*), we cannot, on this record, resolve the contention of petitioners that they were denied due process. Petitioners were entitled to impartial factfinders even though they were not entitled to a hearing. Petitioners contend that members of the fact-finding Board of Inquiry filed the instant charges against petitioners. "Due process is violated in an administrative adjudication where 'an administrative official has taken a public position about specific facts at issue in a pending adjudicatory proceeding' " (*Ferrara*, 191 AD2d at 968, quoting *Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 165 [1990]). The record does not contain the written charges filed with the Fire Company and we are unable to determine whether the charges were filed by members of the Board of Inquiry, thereby denying

petitioners the right to impartial decision makers, " 'a core guarantee of due process' " (*id.*, quoting *1616 Second Ave. Rest.*, 75 NY2d at 161). We therefore vacate that part of the order transferring that part of the petition insofar as it concerns the Fire Company's fuel use policy.

With respect to the charge that Pawlowski lied to a prior Board of Inquiry, we conclude that Pawlowski was entitled to a hearing under General Municipal Law § 209-*l*. The Fire Company contends that such conduct violated the Fire Company's Code of Ethics and Conduct. The bylaws that are in the record do not address such conduct, and the Fire Company's constitution is not in the record. We therefore conclude that the charge of lying alleges misconduct pursuant to section 209-*l*, entitling Pawlowski to a hearing (*see* § 209-*l* [3]) at which Pawlowski would be entitled, inter alia, to cross-examine witnesses and inspect documents (*see e.g. Garrett v North Babylon Volunteer Fire Co.*, 78 AD2d 897 [1980]). He was not afforded those fundamental rights and thus was denied due process.

We conclude that, insofar as it concerns the determinations that petitioners violated the Fire Company's fuel use policy, the transfer order must be vacated and the matter remitted to Supreme Court for further proceedings on that part of the petition. Insofar as the petition concerns the charge that Pawlowski lied to the Board of Inquiry, respondent's determination is annulled, and we remit the matter to respondent for further proceedings on that charge in accordance with this decision. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.