Matter of DeStefano v Incorporated Vil. of Mineola (2018 NY Slip Op 08481)





Matter of DeStefano v Incorporated Vil. of Mineola


2018 NY Slip Op 08481


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-07604 DECISION, ORDER & JUDGMENT
 (Index No. 125/16)

[*1]In the Matter of Michael A. DeStefano, appellant,
v
Incorporated Village of Mineola, et al., respondents.


Sahn Ward Coschignano, PLLC, Uniondale, NY (Joshua D. Brookstein, Jon A. Ward, and John C. Farrell of counsel), for appellant.
Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John M. Donnelly of counsel), for respondents.



In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Board of Trustees of the Incorporated Village of Mineola dated September 9, 2015, which confirmed the recommendation of a hearing officer dated August 31, 2015, made after a hearing, upholding the determination of the Fire Council of the Fire Department of the Incorporated Village of Mineola dated April 16, 2014, finding the petitioner guilty of violating the constitution and by-laws of the Fire Department of the Incorporated Village of Mineola and dismissing him as a member of the Fire Department of the Incorporated Village of Mineola, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated June 9, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination dated September 9, 2015, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The petitioner was a member of the Fire Department of the Incorporated Village of Mineola (hereinafter the Fire Department). In 2014, disciplinary charges were preferred against the petitioner for violating certain provisions of the Fire Department's constitution and by-laws. After a meeting, the Fire Council of the Fire Department (hereinafter the Fire Council) found that the petitioner was guilty of violating the subject provisions of the Fire Department's constitution and by-laws, and dismissed the petitioner as a member of the Fire Department.
Thereafter, the petitioner requested that the Board of Trustees of the Incorporated Village of Mineola (hereinafter the Board of Trustees) review the Fire Council's determination. In response, the Board of Trustees appointed a hearing officer, who conducted a hearing over the course of several months. Following the hearing, the hearing officer recommended that the Fire Council's findings of misconduct and the penalty of dismissal be upheld. The Board of Trustees confirmed [*2]the recommendation of the hearing officer.
The petitioner then commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determination of the Board of Trustees on the grounds, among others, that it was made in violation of lawful procedure and was not supported by substantial evidence. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding.
Since the petition raises a question of whether the Board of Trustees' determination is supported by substantial evidence, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804(g), the Supreme Court should have transferred the proceeding to this Court (see Matter of Monzidelis v Town of Eastchester, 126 AD3d 978, 979; Matter of Sureway Towing, Inc. v Martinez, 8 AD3d 490; Matter of Stein v County of Rockland, 259 AD2d 552, 553). Nevertheless, because the complete record is now before this Court, we will treat the matter as one that has been transferred here and will review the determination de novo (see Matter of Mankowski v Nassau County, 160 AD3d 739, 741; Matter of Delgrande v Greenville Fire Dist., 132 AD3d 987, 988).
"Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is limited to consideration of whether the determination is supported by substantial evidence" (Matter of CVS Albany, LLC v Facelle, 121 AD3d 784, 784-785). Substantial evidence "[m]eans such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). Here, the Board of Trustees' determination that the petitioner violated certain provisions of the Fire Department's constitution and by-laws was supported by substantial evidence (see Matter of Bracco's Clam & Oyster Bar, Inc. v New York State Liq. Auth., 156 AD3d 629, 630-631; Matter of Willis v New York State Liq. Auth., 118 AD3d 1013, 1013-1014; Matter of Blau v New York State Off. of Victim Servs., 110 AD3d 991, 992). Furthermore, contrary to the petitioner's contention, certain members of the Fire Council were not required to disqualify themselves from acting on the disciplinary charges against him (see General Municipal Law § 209-l; Village Law §§ 10-1000[5]-[6]; 10-1014; 10-1018; cf. Matter of Pawlowski v Big Tree Volunteer Firemen's Co., Inc., 12 AD3d 1030, 1031; Matter of Ferrara v Magee Volunteer Fire Dept., 191 AD2d 967).
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law'" (Matter of Sassi v City of Beacon, 145 AD3d 789, 790, quoting Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054 [internal quotation marks omitted]). Here, the penalty of dismissal is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 223).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court