Matter of Gresser v Franklin Sq. & Munson Fire Dept. (2020 NY Slip Op 00413)





Matter of Gresser v Franklin Sq. & Munson Fire Dept.


2020 NY Slip Op 00413


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-12754
 (Index No. 469/18)

[*1]In the Matter of Richard Gresser, appellant,
v
Franklin Square and Munson Fire Department, respondent.


Leeds Brown Law, P.C., Carle Place, NY (Rick Ostrove and Brandon Okano of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Franklin Square and Munson Fire Department dated November 22, 2017, which adopted in part and rejected in part the recommendation of a hearing officer, made after a hearing, found the petitioner guilty of gross misconduct and conduct unbecoming a member of the Franklin Square and Munson Fire Department, and thereupon expelled him from the Franklin Square and Munson Fire Department and disqualified him from membership for life, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered August 17, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination dated November 22, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The petitioner was a volunteer member of the Franklin Square and Munson Fire Department (hereinafter the Fire Department), and was also employed by the Nassau County Police Department as an emergency medical technician. In 2016, charges were preferred against him for gross misconduct and conduct unbecoming a member of the Fire Department, following a physical confrontation between the petitioner and a junior member of the Fire Department. After a hearing pursuant to General Municipal Law § 209-l, a hearing officer found that the charge of gross misconduct was not sustained, but that the charge of conduct unbecoming a member of the Fire Department was sustained. The hearing officer recommended a 60-day suspension. Thereafter, the Board of Fire Commissioners of the Fire Department (hereinafter the Board) adopted in part and rejected in part the recommendation of the hearing officer, determined that both charges were sustained, and thereupon expelled the petitioner from the Fire Department and disqualified him from membership for life.
The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination of the Board. The petitioner, inter alia, challenged the sanction of expulsion and disqualification from membership for life as an abuse of discretion by the Board. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding.
Since the petition, in effect, raised a question of whether the Board's determination was supported by substantial evidence, and the remaining points raised by the petitioner that were disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804(g), the Supreme Court should have transferred the proceeding to this Court without deciding that issue (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 741; Matter of Lamb v Egan, 150 AD3d 854, 855; Matter of Pogorzelska v New York State Dept. of Motor Vehs., 137 AD3d 796, 796; Matter of Monzidelis v Town of Eastchester, 126 AD3d 978, 979). Nevertheless, because the complete record is now before this Court, we will treat the matter as one that has been transferred here and will review the determination de novo (see Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d at 741; Matter of Lamb v Egan, 150 AD3d at 855).
"Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is limited to consideration of whether the determination is supported by substantial evidence" (Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d at 742 [internal quotation marks omitted]). "Substantial evidence [m]eans such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. [internal quotation marks omitted]). Here, the Board's determination sustaining the charges of gross misconduct and conduct unbecoming a member of the Fire Department is supported by substantial evidence. Although the petitioner contends that the confrontation between himself and the junior member of the Fire Department was "harmless horseplay," it is undisputed that the petitioner used his Nassau County Police Department handcuffs on the junior member, causing injury to that person, in violation of Fire Department policy.
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38). Here, the penalty of expulsion from the Fire Department and disqualification from membership for life is not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233).
The petitioner's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court