Matter of McDowell v Blue Point Fire Dept. (2020 NY Slip Op 06793)





Matter of McDowell v Blue Point Fire Dept.


2020 NY Slip Op 06793


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2017-11145
 (Index No. 34360/12)

[*1]In the Matter of Warren McDowell, appellant,
v
Blue Point Fire Department, respondent.


Silberling & Silberling, Hauppauge, NY (Stephen P. Silberling of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Blue Point Fire Department Board of Wardens dated January 30, 2013, expelling the petitioner from the Blue Point Fire Department, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 8, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination of the Blue Point Fire Department Board of Wardens expelling the petitioner from the Blue Point Fire Department is annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, and the matter is remitted to the Blue Point Fire Department for a hearing and a new determination thereafter in accordance herewith.
The petitioner, a volunteer firefighter, commenced this proceeding to review a determination of the Blue Point Fire Department Board of Wardens (hereinafter the Board of Wardens), dated January 30, 2013. The Board of Wardens found that the petitioner had violated the bylaws of the Blue Point Fire Department (hereinafter the department) and the Firefighter's Oath, and expelled him from the department. In a judgment dated August 8, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Pursuant to General Municipal Law § 209-l, volunteer firefighters cannot be removed from office or membership for incompetence or misconduct, except for absenteeism at fires or meetings, unless they are afforded a hearing" (Matter of Pawlowski v Big Tree Volunteer Firemen's Co., Inc., 12 AD3d 1030, 1031; see Matter of McEvoy v Oyster Bay Fire Co. No. 1, 117 AD3d 953, 954). However, "[t]hat section, by its own terms, does not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company" (Matter of Ferrara v Magee Volunteer Fire Dept., 191 AD2d 967, 968 [internal quotation marks omitted]; see Matter of Armstrong v Centerville Fire Co., 83 NY2d 937, 939).
Here, after a meeting at which the petitioner appeared, the Board of Wardens found that he had violated Article V, Section 1(C), of the bylaws, by donating department property in contravention of an order from the chief of the department. That provision of the bylaws authorized the chief of the department to suspend members of the department for insubordination, refusal to follow orders, and for conduct unbecoming or detrimental to the department, and required the Board of Wardens to review such suspensions. The bylaws did not empower the Board of Wardens to dismiss a member based on a violation of Article V, Section 1(C). Thus, a hearing pursuant to General Municipal Law § 209-l was required (see Matter of Pawlowski v Big Tree Volunteer Firemen's Co., Inc., 12 AD3d at 1031; Matter of Lotten v Board of Fire Commrs. of Terryville Fire Dist., 262 AD2d 563, 563-564; compare Leahy v Jordan, 207 AD2d 385, 386 with Matter of Ferrara v Magee Volunteer Fire Dept., 191 AD2d at 968). Since the petitioner was entitled to a hearing upon due notice and upon stated charges under General Municipal Law § 209-l, but was not afforded one, we annul the determination and remit the matter to the Blue Point Fire Department for a hearing and a new determination thereafter (see Matter of Richards v Bd. of Fire Commrs. of Brentwood Fire Dist., 117 AD3d 836, 837).
Accordingly, we reverse the judgment, annul the determination, and remit the matter to the Blue Point Fire Department for a hearing on due notice by an impartial finder of fact and a new determination thereafter.
In light of our determination, we need not reach the petitioner's remaining contentions.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court