Matter of McDowell v Blue Point Fire Dept. (2025 NY Slip Op 05685)

Matter of McDowell v Blue Point Fire Dept.

2025 NY Slip Op 05685

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.

WILLIAM G. FORD

CARL J. LANDICINO

DONNA-MARIE E. GOLIA, JJ.

2023-04826 DECISION, ORDER & JUDGMENT

(Index No. 208698/22)

[*1]In the Matter of Warren McDowell, respondent,

v

Blue Point Fire Department, appellant.

Ahmuty, Demers & McManus, Albertson, NY (Frank J. Wenick and Nicholas P. Calabria of counsel), for appellant.

Silberling & Silberling, Hauppauge, NY (Stephen P. Silberling of counsel), for respondent.

In a proceeding pursuant to CPLR article 78 to review a determination of the Blue Point Fire Department Board of Wardens dated January 26, 2022, which, after a hearing, found that the petitioner engaged in misconduct and terminated his membership in the Blue Point Fire Department, the Blue Point Fire Department appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated April 19, 2023. The order and judgment, insofar as appealed from, granted the petition and annulled the determination.

ORDERED that the appeal is dismissed and so much of the order and judgment as granted the petition and annulled the determination is vacated; and it is further,

ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

ORDERED that one bill of costs is awarded to the Blue Point Fire Department.

The petitioner, a volunteer firefighter, commenced a proceeding pursuant to CPLR article 78 to review a determination of the Blue Point Fire Department Board of Wardens (hereinafter the Board) dated January 30, 2013. The Board, without a hearing, had determined, inter alia, that the petitioner violated the bylaws of the Blue Point Fire Department (hereinafter the Department) and expelled him from the Department. In a judgment dated August 8, 2017, the Supreme Court denied the petition and dismissed the proceeding. On appeal, this Court reversed the judgment, granted the petition to the extent of annulling the determination, and remitted the matter to the Department for a hearing and a new determination thereafter (see Matter of McDowell v Blue Point Fire Dept., 188 AD3d 1069). This Court concluded that since the Department's bylaws did not authorize the petitioner's expulsion for his misconduct, the matter had to be remitted for a hearing upon stated charges pursuant to General Municipal Law § 209-l, which permits the removal of volunteer firefighters from membership for misconduct provided that they are afforded a hearing (see Matter of McDowell v Blue Point Fire Dept., 188 AD3d at 1070).

Thereafter, following a hearing, in a determination dated January 26, 2022, the Board [*2]found that the petitioner engaged in misconduct and terminated his membership in the Department. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In an order and judgment dated April 19, 2023, the Supreme Court, among other things, granted the petition and annulled the determination. The court concluded that the determination was arbitrary and capricious since the Department's bylaws in effect at the relevant time did not authorize removal as a penalty for the petitioner's misconduct. The Department appeals.

Since the petition raised a question of whether the Board's determination was supported by substantial evidence, and no objections were raised that would have terminated the proceeding within the meaning of CPLR 7804(g), the Supreme Court should have transferred the proceeding to this Court (see Matter of Gresser v Franklin Sq. & Munson Fire Dept., 179 AD3d 919, 920; Matter of Wittenberg v Purchase Coll., S.U.N.Y., 176 AD3d 835, 837). Nevertheless, as the complete record is before this Court, we will treat this matter as one that has been transferred here and will review the determination de novo (see Matter of Doran v Town of Babylon, 219 AD3d 832, 833-834; Matter of Gresser v Franklin Sq. & Munson Fire Dept., 179 AD3d at 920).

Contrary to the petitioner's contention, while the Department's bylaws in effect at the time did not permit removal for misconduct, General Municipal Law § 209-l authorizes removal for misconduct provided that there is a hearing (see Matter of McDowell v Blue Point Fire Dept., 188 AD3d at 1070; Matter of Acker v Board of Fire Commrs., Kings Park Fire Dist., 25 AD2d 282, 283-284). Under these circumstances, the determination should not be annulled on the ground that the Department's bylaws in effect at the time did not permit removal for misconduct.

"Upon judicial review of a determination rendered by an administrative body following a hearing, this Court's function is limited to consideration of whether the determination is supported by substantial evidence" (Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d 740, 742 [internal quotation marks omitted]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Gresser v Franklin Sq. & Munson Fire Dept., 179 AD3d at 920 [alteration and internal quotation marks omitted]). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently, as it is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Roenbeck v New York State Dept. of Motor Vehs., 221 AD3d 1013, 1014 [alteration, citations, and internal quotation marks omitted]). Contrary to the petitioner's contention, the Board's determination finding that the petitioner engaged in misconduct is supported by substantial evidence that included the testimony of a chief of the Department, as well as other members of the Department (see Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625; Matter of DeStefano v Incorporated Vil. of Mineola, 167 AD3d at 742).

"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38). "A penalty should not be set aside where it is not irrational and does not shock the conscience" (Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d 597, 598-599; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1066, 1068). Here, in light of the circumstances of this case, the penalty of termination of membership is not irrational and does not shock the conscience (see Matter of Anderson v Board of Educ. of the Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d at 599; Matter of Mooney v Board of Fire Commrs. of Bethpage Fire Dist., 79 AD3d 941, 942).

Finally, the petitioner's allegation of bias against the Board is not supported by a sufficient factual demonstration (see Matter of Marandino v Westchester County Club, Inc., 33 AD3d 800, 801).

Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.

DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court